O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | | |
|---|---|---|
| JOE BELGARA, | ) | Case No. CV 12-2622-MLG |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OPINION AND ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | ) ) ) ) ) | |
| Defendant. | ) | |

Plaintiff Joe Belgara seeks judicial review of the Commissioner's final decision denying his application for Supplemental Security Income ("SSI") benefits. For the reasons set forth below, the decision of the Commissioner is reversed, and the matter is remanded for further proceedings consistent with this opinion.

**I.   Background**

Plaintiff filed his SSI application on April 6, 2009, alleging disability beginning March 2, 2009, due to schizophrenia, depressive disorder, epilepsy and residual complications from gunshot wounds. (AR at 17, 70.) Plaintiff was born on September 30, 1974 and was 35 years old at the time he filed his application. (Administrative Record ("AR")

1  at 120, 162.) He completed the eleventh grade and has no relevant work
2  experience. (AR at 141, 145.)
3  　　　Plaintiff's application was denied initially on June 23, 2009, and
4  upon reconsideration on January 14, 2010. (AR at 71-75, 79-83.) An
5  administrative hearing was held on October 15, 2010, before
6  Administrative Law Judge ("ALJ") Sally C. Reason. Plaintiff, who was
7  represented by counsel, testified as did a Medical Expert and a
8  Vocational Expert ("VE"). (AR at 47-65.)
9  　　　On June 2, 2011, the ALJ issued an unfavorable decision. (AR at 17-
10 29.) The ALJ found that pursuant to 20 C.F.R. 416.920(c), the medical
11 evidence established that Plaintiff suffered from the following severe
12 impairments: depressive disorder, schizoaffective disorder, seizure
13 disorder, left hip osteoarthritis and history of left leg surgery with
14 residual antalgic gait. (Id.) However, the ALJ further found that
15 Plaintiff's impairments did not meet, or were not medically equal to,
16 one of the listed impairments in 20 C.F.R., Part 404, Subpart P,
17 Appendix 1. (AR at 22.) The ALJ determined that Plaintiff had the
18 residual functional capacity ("RFC") to:
19 　　　perform light work as defined in 20 C.F.R. 416.967(b) not
20 　　　involving standing and/or walking in excess of 2-4 hours total
21 　　　per 8-hour workday, performance of more than occasional
22 　　　kneeling, performance of any activities involving squatting or
23 　　　climbing of ladders, performance of any tasks involving
24 　　　working around machinery or hazardous conditions, or
25 　　　performance of tasks involving more than limited social
26 　　　contact with others.
27 (AR at 23.)
28 //

The ALJ then found, based upon the testimony of the VE, that there were a significant number of jobs in the national economy that Plaintiff could perform, such as small products assembler and production assembler. (AR at 28.) She concluded that Plaintiff was not disabled within the meaning of the Social Security Act. *See* 20 C.F.R. § 416.920(f). (Id.)

On February 11, 2012, the Appeals Council denied review. (AR at 1-3.) Plaintiff then timely commenced this action for judicial review. On September 4, 2012, the parties filed a Joint Stipulation ("Joint Stip.") of disputed facts and issues. Plaintiff contends that the ALJ's determination that Plaintiff could perform the jobs of small products assembler and production assembler was inconsistent with the requirements of the jobs as determined by the Dictionary of Occupational Titles ("DOT"). (Joint Stip. at 3.) Plaintiff seeks reversal of the Commissioner's denial of his application and payment of benefits or, in the alternative, remand for a new administrative hearing. (Joint Stip. at 11.) The Commissioner requests that the ALJ's decision be affirmed. (Joint Stip. at 11-12.)

**II.  Standard of Review**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's or ALJ's decision must be upheld unless "the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1990); *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence means such evidence as a reasonable person might accept as adequate to

support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Widmark v. Barnhart*, 454 F.3d 1063, 1066 (9th Cir. 2006). It is more than a scintilla, but less than a preponderance. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can support either affirming or reversing the ALJ's conclusion," the reviewing court "may not substitute its judgment for that of the ALJ." *Robbins*, 466 F.3d at 882.

**III. Discussion**

The ALJ determined that Plaintiff's RFC limited him to performing a range of light work "not involving ... performance of any tasks involving working around machinery ...." (AR at 23.) At the administrative hearing, the ALJ posed the following hypothetical question to the VE:

> So if we have a hypothetical individual of this man's age, education, and lack of any work history, and let's say he is able to do light work but he is limited in standing and walking only two to four hours in an eight hour day, and he can only kneel occasionally. No squatting or ladders. He also needs to avoid hazards due to the seizure activity, and needs to work in an environment with limited public contact, or interaction with others. Would there be jobs for such an individual?

(AR at 63.)

In response, the VE testified that Plaintiff could perform the jobs of Assembler, Small Products I (DOT 706.684-022) and Assembler, Production (DOT 706.687-010). (AR at 63-64.) The ALJ relied on the VE's testimony to find that Plaintiff was able to perform those two types of jobs which exist in significant numbers in the economy (step 5). (AR at 27-28).

Plaintiff asserts that the ALJ's determination is not supported by substantial evidence because both jobs identified by the VE require Plaintiff to work around machinery, which is incompatible with the ALJ's RFC determination that Plaintiff can perform light work "not involving ... performance of any tasks involving working around machinery ...." (Joint Stip. at 3, citing AR at 23.)

As Plaintiff points out, both the jobs of small products assembler and production assembler require working around machinery. For example, a production assembler (DOT 706.687-010) "bolts, clips, screws, cements or otherwise fastens parts together by hand, or using handtools or portable power tools." In addition, a production assembler "may tend machines, such as arbor presses or riveting machine, to perform force fitting or fastening operations on [an] assembly line." Similarly, a small products assembler "bolts, clips, screws, cements or otherwise fastens parts together by hand, or using handtools or portable power tools." A small products assembler (DOT 706.684-022) also "loads and unloads previously setup machines, such as arbor presses, drill presses, taps, spot-welding machines, riveting machines, milling machines, or broaches, to perform fastening, force fitting, or light metal-cutting operation on [an] assembly line." Given these descriptions, it is entirely unclear how a person who is precluded from "performance of any tasks involving working around machinery" could actually perform either

job.

When an ALJ determines that a job may be performed in a manner "that contradicts the [DOT], the record must contain 'persuasive evidence to support the deviation.'" *Pinto v. Massanari*, 249 F.3d 840, 845-46 (9th Cir. 2001) (quoting *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995)); *Tommasetti v. Astrue*, 533 F.3d 1035, 1042 (9th Cir. 2008) ("The DOT creates a rebuttable presumption as to the job classification"). Here, in finding Plaintiff able to perform other work at step five, the ALJ relied on the VE's testimony, but never asked the VE to explain the discrepancy between Plaintiff's preclusion from working around machinery[1] and the DOT's description of the production assembler and small products assembler jobs. The ALJ also failed to cite any evidence in the decision to support a deviation from the DOT. Under these circumstances, the ALJ's determination that Plaintiff can perform the jobs of production assembler and small products assembler is not supported by substantial evidence. *See Pinto*, 249 F.3d at 845-47.

**IV.  Conclusion**

The decision whether to remand for further proceedings is within this Court's discretion. *Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an

---

[1] Although the ALJ included in the hypothetical question to the VE that the Plaintiff "need[ed] to avoid hazards," she did not include in the hypothetical the preclusion from any work around machinery. (AR at 63.) As noted by Defendant, neither job requires working in certain hazardous conditions or around moving mechanical parts. (Joint Stip. at 10.) However, both jobs do require working around machinery, a requirement incompatible with the ALJ's RFC determination.

immediate award of benefits. *Id*. at 1179 ("the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"); *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). However, where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Bunnell v. Barnhart*, 336 F.3d 1112, 1115-16 (9th Cir. 2003); *see also Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003)(remanding case for reconsideration of credibility determination).

    Here, although Plaintiff's RFC as determined by the ALJ precludes Plaintiff from performing the jobs identified by the VE, there may be other jobs within the national economy which Plaintiff could perform. However, that is not a determination that this Court can make. Accordingly, the case is remanded for further evaluation in accordance with the five-step sequential process.

DATED: September 7, 2012

_____
Marc L. Goldman
United States Magistrate Judge